Case 2:25-cv-00113   Document 22   Filed on 08/21/25 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
August 21, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| :CAROL-LOU: JACOBS., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:25-CV-00113 |
| | § | |
| MORTGAGE ELECTRONIC | § | |
| REGISTRATION SYSTEMS INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

# MEMORANDUM AND RECOMMENDATION
# TO DISMISS CASE

Plaintiff Carol Lou Jacobs, appearing *pro se*, filed this case on April 30, 2025. (D.E. 1). For the reasons stated below, the undersigned **RECOMMENDS** Plaintiff's case be **DISMISSED**. Fed.R.Civ.P. 41(b); *see also Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (holding district courts have the power to *sua sponte* dismiss a cause of action for failure to prosecute).

## I.   JURISDICTION

Plaintiff has failed to state a basis for this Court's jurisdiction in any of her filings despite being given several opportunities to do so. This case has been referred to the undersigned magistrate judge for case management pursuant to 28 U.S.C. § 636.

## II.   PROCEDURAL BACKGROUND

Proceeding *pro se*, on April 30, 2025, Plaintiff filed her original complaint stating it was "an action for a temporary injunction" related to the May 6, 2025 scheduled sale of

her residence, listing several mortgage companies as Defendants. (D.E. 1). No other relevant details were provided. Plaintiff's requested relief was for the Court to enter an order enjoining the sale. (D.E. 1, Page 2). On May 2, 2025, the undersigned entered an order advising Plaintiff that it was her responsibility to serve each defendant and to file a proof of service with the Court. (D.E. 6). The undersigned further advised Plaintiff "that the filing of this lawsuit does not automatically terminate or delay the foreclosure of any real property." (D.E. 6, Page 2). Plaintiff then submitted several other filings, which the undersigned found to be nonsensical, frivolous and without legal merit, all indicating an affiliation with the sovereign citizens movement. (D.E. 11). The undersigned cautioned Plaintiff "that such frivolous and fraudulent filings may result in her being sanctioned by the Court." (D.E. 11, Page 2). After one Defendant, PennyMac Loan Services, LLC, filed a Motion to Dismiss, the undersigned entered an Order on June 5, 2025, advising Plaintiff that "the motion to dismiss has merit [because her] allegations are entirely conclusory, she fails to plead sufficient facts to state a plausible claim, [she] has not stated a basis for this Court's jurisdiction, and [she] has stated no cause of action." (D.E. 12). Plaintiff was "cautioned that her complaint is factually and legally deficient and is subject to being dismissed." (D.E. 12). Having determined "Plaintiff should be given an opportunity to plead her best case before the Court rules on the motion to dismiss," Plaintiff was given until June 25, 2025 to "file an amended complaint and cure the defects identified in this Order and Defendant's motion to dismiss." (D.E. 12).

A hearing was held on July 16, 2025, where Plaintiff advised she wished to voluntarily dismiss her claims against Defendant PennyMac as well as two other defendants, including one not listed in her complaint. (D.E. 19). The undersigned dismissed all claims against these defendants, granting PennyMac's Joint Motion to Dismiss. (D.E. 19). Plaintiff was again advised, both at the hearing and in a July 17, 2025 Order that her "complaint is currently deficient" and she "has previously been ordered to file an amended complaint and has failed to comply." (D.E. 11; D.E. 12; and D.E. 19). Therefore, Plaintiff was ordered to comply with the Court's previous Orders (D.E. 11 and D.E. 12) by filing an amended complaint in compliance with these Orders on or before August 18, 2025. Plaintiff was given copies of both Orders at the July 16, 2025 hearing and was advised "that if she fails to comply with the Orders of this Court, her case may be dismissed for want of prosecution." (D.E. 19, Page 2).[1]

On August 18, 2025, Plaintiff filed a document titled "Amended Complaint." (D.E. 21). However, it does not comply in any way with the undersigned's previous Orders. (D.E. 21). Instead, Plaintiff's latest filing is also titled "Affidavit of Truth" and contains assertions clearly unrelated to any of her previous claims related to the foreclosure of her real property such as, in part, "I am not a tax protester or affiliated with the Posse Comitatus, Patriot movement, or Sovereign Citizen movement," "I do not contest the

---

[1] Plaintiff was also advised that it was her responsibility to serve all defendants within 90 days of when her case was filed but that the undersigned would extend this deadline until September 17, 2025. (D.E. 19, Page 2). There is no indication in the record that Plaintiff has properly served any defendant to date.

Additionally, Plaintiff was advised she should seek legal representation from a licensed attorney, rather than the non-attorney individual who accompanied her to the hearing and was assisting her with this case.

jurisdiction of the United States District Court," "I operate in honor and with clean hands," "I do not commit murder and physical assault," "I do not impersonate police officers and diplomats," and "I am not a 'domestic terrorist threat.'" (D.E. 21). It contains no allegations, no parties, no damages and fails to include any claim, stating "I am grateful to the court for its patience and professionalism in addressing my concerns about government overreach and the lawfulness/legality of these financial transactions I have presented before the court for judicial notice." (D.E. 21, Page 1). Therefore, Plaintiff's complaint remains deficient, she has not stated a basis for this Court's jurisdiction, and she has failed again to comply with the undersigned's Orders and detailed direction at the July 16, 2025 hearing.

### III. FAILURE TO COMPLY WITH COURT ORDERS

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any Court order. *Francois v. City of Grenta*, 668 F. App'x 574, 575 (5th Cir. 2016) (citing *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998) (other citations omitted)). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Id.* (citing *Boudwin v. Graystone Ins. Co. Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citation omitted)). The exercise of the power to dismiss a case for failure to prosecute or obey a court order is committed to the sound discretion of the Court and appellate review is confined solely to whether the Court's discretion was abused. *Id.*; *Butler v. Endeavor Air, Inc.*, 805 F. App'x 274, 277 (5th Cir. 2020).

By failing to address the deficiencies identified in her original complaint, Plaintiff's latest filing fails to comply with the instructions provided to her in the undersigned's July 17, 2025 Order and at the July 16, 2025 hearing. She has not clearly identified the defendants she seeks to sue, set forth her supporting allegations with specificity and clarity, explained in any coherent sense how the defendants violated her rights or stated the specific relief she seeks as to each defendant. Plaintiff was previously warned that this action may be dismissed for failure to comply with Court orders. Plaintiff's unwillingness to comply with the undersigned's Orders and the undersigned's instructions at the July 16, 2025 hearing in any meaningful way is sufficient reason not to allow Plaintiff further leave to amend. Dismissal is therefore warranted under these circumstances as well. The inability to proceed with this litigation is directly attributable to Plaintiff's failure to provide the information requested.

## IV.    CONCLUSION

As such, the undersigned **RECOMMENDS** dismissal is warranted under these circumstances and this case be **DISMISSED** pursuant to Fed.R.Civ.P. 41(b); *see also Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (holding district courts have the power to *sua sponte* dismiss a cause of action for failure to prosecute).

ORDERED on August 21, 2025.

                                                            Jason B. Libby
                                        United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).